IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELVIN MANN,<br> Petitioner, | :<br>:<br>: |
| v. | :  CIVIL ACTION NO. 16-CV-724 |
| THERESA DELBALSO, *et al.,*<br> Respondents. | :<br>:<br>: |

## MEMORANDUM

McHUGH, J.                                      AUGUST 24, 2021

*Pro se* Petitioner Kelvin Mann, a prisoner in state custody following his conviction for attempted first degree murder and other offenses, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 38.) Mann seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I. BACKGROUND**

The procedural history and factual background of Mann's conviction are fully set forth in the Report and Recommendation prepared by Magistrate Judge Lynne A. Sitarski. (ECF No. 24.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following his second trial on charges related to the attempted murder of Keith Kenneth-McLeod, and the reinstatement *nunc pro tunc* of his direct appeal rights, Mann's conviction was upheld by the Pennsylvania Superior Court. *See Commonwealth v. Mann*, 254 EDA 2011 (Pa. Super. Ct. Mar. 12, 2012). Among the issues raised in that appeal was a constitutional claim that the evidence presented by the Commonwealth at trial was insufficient. Mann also raised the claim in his § 2254 habeas petition. Magistrate Judge Sitarski

recommended that the claim was properly exhausted on direct appeal, but recommended further that the state court's resolution of the claim was a reasonable application of the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979).  (*See* ECF No. 24 at 11.) After Mann filed objections (*see* ECF No. 27), those objections were overruled, the Report and Recommendation was adopted by the Court, and the petition for writ of habeas corpus was denied with no certificate of appealability issued.  (ECF No. 29.)  The United States Court of Appeals subsequently also denied Mann a certificate of appealability.  (ECF No. 36.)

In the current Motion, Mann seeks relief pursuant to Rule 60(b).  He asserts that relief should be granted based on an asserted intervening change in law applicable to his insufficiency claim derived from the Third Circuit's decision in *Travillion v. Superintendent SCI Rockview*, 982 F.3d 896 (3d Cir. 2020).  (*See* ECF No. 38 at 7.)[1]

## II.    STANDARDS

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

      **B.**      **Second or Successive Habeas Petitions**

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner

seeking habeas relief.[2] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

### III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal district court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Mann's Rule 60(b) motion is a

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. The sufficiency of the evidence issue was exhausted in Mann's direct appeal. The same issue was then raised by Mann in his habeas petition and rejected on an AEDPA merits review. Because Mann's sufficiency claim was rejected on the merits in his habeas petition, that decision was not a procedural ruling that precluded a merits determination.

Neither does the holding in *Travillion* mean that Mann's petition "was not resolved on the merits," under *Gonzalez* as Mann argues. (*See* ECF No. 38 at 10.) Mann asserts that the decision in *Travillion* constitutes a defect upon which he may seek relief under on Rule 60 because the Court "summarily ruled on claims factually undeveloped in state court proceedings" and "accepted the crux of the State's case against Petitioner." (*Id.*) This assertion is incorrect. A federal court's presumption that a state court's findings of fact are correct is a requirement of AEDPA review, not a "defect" in those proceedings. *See Wertz v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000). Moreover, the Third Circuit's decision in *Travillion* did not change the clearly established Supreme Court law set forth in *Jackson* governing sufficiency of the evidence claims. Rather it applied that decision to the state court record and concluded in an AEDPA merits review that the state courts had unreasonably applied the Supreme Court law. *See Travillion*, 982 F.3d at 904 ("Applying the Supreme Court's *Jackson* standard, in viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences from the evidence, no rational trier of fact could have found Travillion was the perpetrator of the crime for which he was convicted beyond a reasonable doubt."). Accordingly, Mann's argument based on *Travillion* clearly seeks to raise a new habeas claim since it attacks the previous resolution of the sufficiency claim on the merits.

Because Mann seeks to attack the previous resolution of his sufficiency claim on the merits, the Motion must be construed as an unauthorized second or successive habeas petition. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack his judgment of sentence, this Court lacks jurisdiction to consider his claims. An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**