IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELVIN MANN** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 16-724 |
| | : | |
| **THERESA DELBALSO**, *et al.* | : | |

**McHUGH, J.**                                                                                                           **August 23, 2024**

**MEMORANDUM**

Petitioner Kelvin Mann, in state custody following a conviction for attempted murder and other offenses, has filed a *pro se* motion under Federal Rule of Civil Procedure 60(b). Mr. Mann seeks relief from my July 2020 order dismissing his petition for a writ of habeas corpus. This is Mr. Mann's second Rule 60(b) motion before me, this time arguing that I should have held an evidentiary hearing before ruling on his petition. Once again, I will deny the motion.

**I.     BACKGROUND**[1]

The procedural history and factual background of Mr. Mann's conviction are fully set forth in the Report and Recommendation prepared by Magistrate Judge Lynne A. Sitarski. R. & R. at 1-6 (ECF 24). I will therefore review only the information needed to place this motion in context.

Following a mistrial, Mr. Mann was convicted in 2010 for the attempted murder of Keith Kenneth-McLeod and related offenses. Mr. Mann appealed his conviction and filed subsequent PCRA petitions without success. *See* R. & R. at 4-6. Upon the conclusion of these state court proceedings, I referred Magistrate Judge Sitarski to review Mr. Mann's petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. In October 2019, Judge Sitarski recommended denial of Mann's habeas petition as procedurally defaulted and without merit. R.

---

[1] Portions of this memorandum substantially mirror my previous memorandum addressing Mr. Mann's first Rule 60(b) motion.

& R. at 10.  In July 2020, after receiving and reviewing Mr. Mann's objections, I adopted the Report and Recommendation and denied Mann's petition with no certificate of appealability issued.  ECF 27 & 29.  The United States Court of Appeals also denied Mann a certificate of appealability in April 2021.  ECF 36.

In August 2021, Mr. Mann filed his first motion for relief under Rule 60(b).  ECF 38.  He asserted an intervening change in law derived from the Third Circuit's decision in *Travillion v. Superintendent SCI Rockview*, 982 F.3d 896 (3d Cir. 2020).  I denied the motion for lack of subject matter jurisdiction because I deemed it a second or successive habeas petition.  ECF 39 & 40.

Mr. Mann's new Rule 60(b) motion alleges "[a] significant procedural error arising from the failure on the part of th[is] Court to hold an evidentiary hearing" as to his claim of ineffective assistance by his trial counsel.  Pet.'s Mot. at 2 (ECF 42).

II.   **STANDARD**

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A Rule 60(b) motion under sub-sections (1), (2), or (3) must be brought within one year of the order or judgment from which the motion seeks relief.  Fed. R. Civ. P. 60(c).  Motions under the remaining sub-sections must be brought "within a reasonable time."  *Id.*

In a federal habeas action, the district court must initially evaluate whether a Rule 60(b) motion is actually an unauthorized "second or successive" habeas petition.[2] In *Gonzalez v. Crosby*, the Supreme Court explained that a Rule 60(b) motion constitutes a "second or successive habeas corpus application" if it advances one or more "claims." 545 U.S. 524, 531-32 (2005). "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* at 532 (citation omitted). Likewise, a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim on the merits [is impermissible], since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote and emphasis omitted).

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling by the district court that precluded a merits determination of the habeas petition, or if it "attacks a defect in the federal habeas proceedings' integrity" in some other manner. *Id.* at 525, 532 n.4.

### III. DISCUSSION

#### A. Second or Successive Habeas Petition

Pursuant to 28 U.S.C. § 2244(b)(2), the threshold question before the Court is whether Mann's motion is a "true" Rule 60(b) motion or a second or successive habeas petition. I conclude that this is a true Rule 60(b) motion over which I have jurisdiction.

---

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner in state prison may not file a "second or successive" habeas petition as to a judgment previously challenged in a federal habeas action, without first obtaining an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" responsibility for the court of appeals divests the district court of jurisdiction over second or successive habeas applications. *Burton v. Stewart*, 549 U.S. 147, 149 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by styling a habeas claim as a Rule 60(b) motion.

Citing the Rule 60(b)(6) catch-all provision, Mr. Mann claims this Court procedurally erred by denying his habeas petition without first affording him an evidentiary hearing. He argues that "denial of habeas relief on an undeveloped record without a hearing . . . led to this Court's finding [that] relief was not warranted." Pet.'s Mot. at 8. According to Mann, an evidentiary hearing would have exposed underlying issues with his trial counsel's conduct, which the PCRA court overlooked when it denied his ineffective assistance of counsel claim. *Id.* I agree with Mr. Mann that his motion points to an alleged "defect in the integrity of the habeas proceeding" insofar as it challenges my decision not to hold an evidentiary hearing. *Id.*; *see also Lane v. Mason*, No. 21-3780, 2024 WL 3635556, at *1 n.1 (E.D. Pa. June 7, 2024) (Quiñones Alejandro, J.) (holding that a Rule 60(b)(6) motion raising a district court's failure to grant an evidentiary hearing properly challenges a "nonmerits aspect of the federal habeas proceeding").

### B. Evidentiary Hearing

Having deemed this a "true" Rule 60(b) motion, I turn to Mr. Mann's argument that relief must be granted because I did not hold an evidentiary hearing before denying his habeas petition. Mann argues that an evidentiary hearing would have shown that counsel at his re-trial was ineffective "for acquiescing to [] prior evidentiary rulings from [Mann's] first trial." Pet.'s Mot. at 2. He claims the PCRA court permitted an "inadequate state fact-finding procedure" as to his counsel's effectiveness, which this Court then failed to correct. *Id.* After reviewing anew Mann's motion and habeas petition, Judge Sitarski's Report and Recommendation, and Mann's prior objections, I see no merit in his argument.

As Mann acknowledges, district courts retain the discretion to hold evidentiary hearings if doing so "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). "It follows[, however,] that if the record refutes the applicant's

factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Mann argues that, "[w]ithout a fully developed record, this Court could not foreclose the possibility that Petitioner would be able to show [that,] but for counsel's failures[,] one juror would have voted to acquit." Pet.'s Mot. at 6.  But the motion does not indicate what evidence Mr. Mann would have actually presented in a hearing to affect the outcome of his ineffective assistance claim.  And as Judge Sitarski explained in her Report and Recommendation: "The Superior Court specifically found the underlying evidentiary claims [which Mann says rendered his counsel ineffective] lacked merit *under Pennsylvania law*.  The state court's finding on this point is a determination of state evidentiary law that is binding on this federal habeas court." R. & R. at 26 (emphasis added) (citations omitted).  A fact-finding hearing by this Court would not have altered binding legal analysis from a state court of appeals.  I therefore reject Mr. Mann's claim that the lack of an evidentiary hearing necessitates relief from my denial of his habeas petition.

### IV.   CONCLUSION

For the reasons stated above, Mr. Mann's motion for relief under Rule 60(b) will be denied. An appropriate order follows, denying the motion and finding no cause to issue a certificate of appealability.

/s/ Gerald Austin McHugh  
United States District Judge